IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Bobby Turner,

       Plaintiff,

v.

Financial Business and Consumer Solutions, Inc., d/b/a FBCS, f/k/a Federal Bond Collection Service, Inc.,

       Defendant.

Case No.: 4:16-CV-106-HLM/WEJ

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported debt. Plaintiff seeks monetary relief based on Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

1

## PARTIES

1. Plaintiff, Bobby Turner, is a natural person who resides in Paulding County, Georgia.

2. Defendant, Financial Business and Consumer Solutions, Inc., d/b/a FBCS, f/k/a Federal Bond and Collection Service, Inc., is a Pennsylvania corporation with its principal place of business in Hatboro, Pennsylvania.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's FDCPA and TCPA claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Defendant is subject to the jurisdiction of this Court because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6.  Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is proper in the Rome Division because the conduct complained of herein occurred in Paulding County, which is in the Rome Division.

## FACTUAL ALLEGATIONS

7.  The communications at issue all relate to the collection of a consumer debt (the "Debt") and all took place in Georgia.[1]

8.  Plaintiff is the subscriber for the cellular telephone with the number 404-***-9836 (the "Cell Phone").

9.  Within the previous twelve months, Defendant placed repeated harassing telephone calls to Plaintiff's Cell Phone in an attempt to collect the purported Debt.

10. Defendant's calls originated from various numbers, including, but not limited to, 404.287.0062 and 404.537.2769.

---

[1] As pled herein, Defendant has failed to meaningfully identify the Debt. Based on the information Plaintiff has to date, Plaintiff believes the Debt is nonexistent. To the extent the Debt is valid, however, it would have arisen out of a consumer, family, or household transaction because Plaintiff does not have any business debt.

11. Phone numbers 404.287.0062 and 404.537.2769 are numbers that belong to Defendant.

12. When the calls first began, Plaintiff requested Defendant cease all calls to his Cell Phone.

13. Defendant ignored Plaintiff's requests and continued placing calls to Plaintiff's Cell Phone, including, but not limited to, two calls on February 25, 2016 (during the first of which Plaintiff once again asked Defendant to cease all calls to his Cell Phone), and on February 26, 2016.

14. Defendant's collection tactics have been so constant that Plaintiff has attempted to block Defendant's calls, but his efforts have been thwarted by Defendant's use of multiple outgoing phone numbers to call him.

15. Moreover, Plaintiff has been unable to avoid or escape Defendant's repetitive calls as even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

16. When Plaintiff answered Defendant's calls, he heard pauses and/or clicks at the beginning of the calls and before the caller began speaking.

17. Upon information and belief, Defendant used an autodialer and/or other predictive dialing equipment to make its calls to Plaintiff.

18. Defendant's calls to Plaintiff's Cell Phone had no emergency purpose.

19. Rather, Defendant stated during the course of one or more calls that the calls were for the purpose of debt collection.

20. Upon information and belief, however, Defendant is not the original creditor on the alleged Debt; and, Defendant has never provided Plaintiff with the identity of the creditor to whom the Debt is allegedly owed, the amount of the Debt, or otherwise advised Plaintiff of his right to dispute the Debt and seek validation of the Debt.

21. Upon information and belief, Plaintiff never provided any form of consent that would have purportedly authorized Defendant to contact him on his Cell Phone.

22. To the extent Plaintiff provided consent for Defendant to call his Cell Phone, Plaintiff explicitly revoked that consent.

23. Subsequent to his revocation of consent, Plaintiff did not provide additional consent for Defendant to contact him.

24. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to his Cell Phone other than to harass, annoy, or otherwise abuse Plaintiff.

25. Plaintiff carries his Cell Phone at most times to be accessible to his family, friends, and work place.

26. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends, as well as work activity.

27. Defendant's repeated calls to Plaintiff on his Cell Phone has resulted in the consumption of "minutes" as proscribed in his cellular service plan that has the end result of Plaintiff paying for the calls initiated by Defendant (the "Cell Charges").

28. Moreover, Plaintiff experienced emotional distress, including frustration and aggravation, as a result of trying to manage the persistent calls, which adversely affected Plaintiff's interpersonal relationships and peace of mind.

## **TRIAL BY JURY**

29. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

30. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

31. Plaintiff is allegedly obligated to pay the purported Debt, which arises out of a consumer, family, or household transaction and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

32. Defendant uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

33. Specifically, upon information and belief, Defendant is a nationally licensed and bonded collection agency primarily engaged in the business of collecting consumer debts, ranging from credit cards, healthcare, auto loans and leases, student loans, and utilities; and, mails over one-thousand debt collection

letters and places over five-thousand telephone calls to consumers throughout the United States each month in attempts to collect on these debts.

34. Moreover, Defendant regularly collects, or attempts to collect, directly or indirectly, the aforementioned consumer debts on behalf of creditors of all sizes.

35. Defendant took the actions or omissions complained of herein in furtherance of its efforts to collect the Debt from Plaintiff.

36. Defendant violated 15 U.S.C. § 1692d(5) when it placed repeated and continuous calls to Plaintiff's Cell Phone; and, when it continued to call Plaintiff after he expressly instructed Defendant to cease calling him.

37. Defendant violated 15 U.S.C. §§ 1692d(6) & 1692e when it failed to meaningfully identify itself during the calls to Plaintiff.

38. Defendant violated 15 U.S.C. § 1692f(5) when it caused Plaintiff to incur the Cell Charges by calling his Cell Phone repeatedly.

39. Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff the 30-day validation notice within five days of its initial contact with Plaintiff.

40. As a result of Defendant's violations of the FDCPA, Plaintiff suffered actual damages, including financial costs, mental anguish, and emotional distress.

41. Plaintiff is, therefore, entitled to recover actual damages under 15 U.S.C. § 1692k.

42. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages and reasonable attorneys' fees and costs.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)(iii)

43. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

44. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

45. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Defendant knew that it did not have Plaintiff's consent to receive its calls at all.  Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

47. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

## COUNT III

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-393(a)

48. Plaintiff incorporates by reference paragraphs 1 through 42 as though fully stated herein.

49. The GFPBA directs liberal interpretation and application, as well as in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

50. Defendant's violation of the FDCPA, as set forth above, is deemed a violation of the GFBPA.

51. Defendant's actions have interfered with Plaintiff's daily life in a manner that he did not invite, disclaimed, and could not reasonably escape.

52. As pled above, Defendant's conduct harmed Plaintiff.

53. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

54. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's modus operandi for debt collection and is done on a wide scale.

55. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

56. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the notification and demand provisions of O.C.G.A. § 10-1-399(b).

57. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

58. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

59. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

60. Plaintiff is entitled to recover from Defendant his reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

61. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:**

    a.) Actual damages;

    b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

    d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) and (c);

    e.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k, O.C.G.A. § 10-1-399(d) and/or O.C.G.A. § 13-6-11; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 19th day of April, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com